UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LINDA MARIA DELAROSA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-116-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States has moved for a partial dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that it has not waived sovereign immunity for Plaintiff Linda DeLarosa's claims of assault and battery, false imprisonment, and intentional infliction of emotional distress. [Record No. 14] But DeLarosa contends that the Federal Tort Claims Act ("FTCA") includes a waiver of sovereign immunity applicable to this case. [Record No. 15] Having carefully reviewed the parties' filings, the Court will grant the United States' motion.

**I.**

DeLarosa was an inmate at the Federal Medical Center-Lexington ("FMC-Lexington"), assigned to work in the garage performing vehicle maintenance. [Record No. 13] Defendant Christopher Goodwin, a corrections officer at the same facility, forced non-consensual sexual activity upon DeLarosa while supervising her work.[1] DeLarosa filed a complaint asserting

---

[1] Goodwin was convicted in a separate criminal action of one count of deprivation of rights in violation of 18 U.S.C. § 242, and three counts of sexual abuse of a ward in violation of 18

claims against the United States under the FTCA for negligence, assault and battery, false imprisonment, intentional infliction of emotional distress, and an Eighth Amendment claim against Goodwin. The United States moved for partial dismissal, contending that it has not waived sovereign immunity under the FTCA for the alleged intentional torts. [Record No. 14]

## II.

"A motion to dismiss on the basis that plaintiff's claim is barred by sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction." *Pyramid Mining, Inc. v. Hoke Co.*, Civil Action No. 95-0010, 1997 U.S. Dist. LEXIS 17016, at *2 (W.D. Ky. Oct. 6, 1997). "Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'come in two varieties: a facial attack or a factual attack.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams, Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Here, the motion constitutes a facial attack on DeLarosa's claim of subject-matter jurisdiction. Therefore, the factual allegations in the complaint are taken as true, and "[i]f those allegations establish federal claims, jurisdiction exists." *Id.*

## III.

To bring a claim against the Federal Government, the United States must waive sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Although

---

U.S.C § 2243(b). *See* United States v. Goodwin, United States District Court, Eastern District of Kentucky, Central Division at Lexington, Criminal Action No. 5: 21-085.

the FTCA provides a waiver of sovereign immunity for certain claims "'caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment," *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting 28 U.S.C. § 1346(b)(1)), it retains immunity for enumerated intentional torts listed under 28 U.S.C. § 2680(h).  However, the FTCA does waive sovereign immunity for six intentional torts, including assault, battery, and false imprisonment if those actions are committed by law enforcement officers acting within the scope of employment.  *See Millbrook v. United States*, 569 U.S. 50, 53 (2013) (citing 28 U.S.C. § 2680(h)).

The United States does not contest that Goodwin is a law enforcement officer within the meaning of 28 U.S.C. § 2680(h).  Instead, it argues that Goodwin's actions were not within the scope of his employment.  The Court applies the law of the state where the act or omission occurred in determining whether the officer's actions were within the scope of his or her employment.  28 U.S.C. § 1346(b)(1).[2]  Under Kentucky law, "the focus is consistently on the purpose or motive of the employee in determining whether he or she was acting within the scope of employment."  *O'Bryan v. Holy See*, 556 F.3d 361, 383 (6th Cir. 2009) (quoting *Papa John's Int'l v. McCoy*, 244 S.W.3d 44, 56 (Ky. 2008)).  An intentional tort may be within the scope of employment if the employee's "purpose, however misguided, is wholly or in part to further the master's business."  *Patterson v. Blair*, 172 S.W.3d 361, 369 (Ky. 2005) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* 500, 505 (5th ed. 1984)).  However, "the conduct must be of the same general nature as that authorized or incidental to

---

[2] The parties agree that Kentucky law applies.

the conduct authorized." *Osborne v. Payne*, 31 S.W.3d 911, 915 (Ky. 2000) (citing *Wood v. Southeastern Greyhound Lines*, 194 S.W.2d 81 (Ky. 1946)).

DeLarosa argues that Goodwin "used sexual coercion and abuse to further the goals of the [Bureau of Prisons], namely, to control and subdue inmates and force compliance with their forced employment duties while acting under the color of law enforcement capacity." [Record no. 15]  But as this Court previously concluded in a separate case Goodwin's actions were not within the scope of his employment when he sexually assaulted an inmate.  *See B.A. v. United States*, No. 5: 21-106, 2021 WL 4768248, at *4-5 (E.D. Ky. Oct. 12, 2021).  The undersigned explained that the United States Court of Appeals for the Sixth Circuit has concluded that a sexual assault is not within the scope of employment under Kentucky law "because there is no conceivable way that intentionally committing sexual assault can be motivated by a desire to serve the employer." *Id*. at *3 (citing *Flechsig v. United States*, 991 F.2d 300, 302-03 (6th Cir. 1993).  Further, an employer is not typically "vicariously liable for an intentional tort of an employee not actuated by a purpose to serve the employer but motivated, as solely by a desire to serve the employee's own sexual proclivities." *Id*. (citing *American Gen. Life & Acc. Ins. Co. v. Hall*, 74 S.W.3d 688, 692 (Ky. 2002)).

The United States relies on *Flechsig* in support of its argument that Goodwin's conduct was outside of the scope of his employment.  991 F.2d 300 (6th Cir. 1993). There, an inmate at FMC-Lexington alleged that, while on her way to an off-premises CAT scan, a correctional officer sexually assaulted her.  991 F.2d at 302.  She then filed suit asserting a claim for assault and battery under the FTCA.  *Id*. at 301-02.  The Court dismissed the plaintiff's claim because the action was not within the scope of her employment.  *Id*. at 302.  Thereafter, the United States Court of Appeals for the Sixth Circuit affirmed, explaining that: (1) sexual assault was

outside the conduct the officer was hired to perform; (2) the conduct took place outside of the spatial limits of his employment; and (3) he was not motivated to serve his employer in any way. *Id*. at 303.

In this case, the Court concludes that committing a sexual assault against DeLarosa is outside the scope of Goodwin's employment because it is not reasonably incident to the work that he was hired to do and was not motivated by any purpose to serve the Bureau of Prisons. *See Flechsig*, 991 F.2d at 303 (citing *John v. Lococo*, 76 S.W.2d 897, 898 (Ky. 1934)). Consequently, the United States has not waived sovereign immunity for the assault and battery claim or the false imprisonment claim asserted by the plaintiff.

## IV.

The United States also seeks to dismiss the plaintiff's claim for intentional infliction of emotional distress ("IIED"). It asserts that the claim should be dismissed because, under Kentucky law, IIED can only be brought when another common law tort does not cover the action. [Record No. 14, fn. 2] It also includes IIED in its sovereign immunity argument. [Record No. 14, p. 6]

DeLarosa does not contest the United States' characterization of IIED under Kentucky Law. She instead argues that: (1) the United States forfeited its request for dismissal of the IIED claim "by not including that argument in the body of its [motion]"; and (2) the IIED claim survives under the plain language of §2680(h). [Record No. 15]

DeLarosa essentially contends that the United States made its IIED argument in a perfunctory manner. *Cf. Carter v. Toyota Tsusho Am., Inc.*, 529 F. App'x. 601, 612 n. 2 (6th Cir.2013) ("Generally, an argument raised in a footnote without further development is deemed waived." (citing United States v. Johnson, 440 F.3d 832, 845-46 (6th Cir. 2006))). An

issue must be accompanied "by some effort at developed argumentation" to be considered. *Powell v. Fugate*, 364 F.Supp.3d 709, 731 (E.D. Ky. 2019) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).  "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *Id.*  In *Fugate*, the Court found a plaintiff's argument perfunctory when he "devote[d] one line to his IIED argument." 364 F.Supp.3d at 731.  In this case, however, the United States' single-spaced footnote contains twelve lines of information addressing IIED under Kentucky law, and its motion discussed IIED at least six other times throughout the body of its fourteen-page motion. This is not an argument raised in a perfunctory manner.

DeLarosa also contends that 28 U.S.C. §2680(h) provides for a general waiver of sovereign immunity and IIED "survive[s] under the plain language of the FTCA." [Record No. 15, p.3]  However, IIED is not listed in the plain language of 28 U.S.C. §2680.  Further, the rule of construction, *expressio unius est exclusio alterius,* has been applied by various courts of appeal for the general rule that IIED claims are not barred by sovereign immunity because it is not listed in §2680(h).  *See, e.g.*, *Truman v. United States*, 26 F.3d 592 (5th Cir. Tex. 1994); *Gross v. United States*, 676 F.2d 295, 303-04 (8th Cir. 1982) (IIED is not a tort specifically exempted in section 2680(h) and, therefore, action is allowed); *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 539-40 (D.C. Cir. 1977).  Conversely, some courts have determined that an exception exists when the conduct giving rise to a claim of IIED "arose out of" one of the enumerated torts.  *See, e.g.*, *Metz v. United States*, 788 F.2d 1528 (11th Cir. 1986) (IIED claim barred because it arose out of the plaintiff's false arrest claim); *Steele v. Meyer*, 964 F. Supp. 2d 9 (D.D.C. 2013) (IIED claim barred because it arose from plaintiff's assault and battery claim). *Cf. Stout v. United States*, 721 F. App'x. 462, 467 (6th Cir. 2018)

("[N]egligent hiring, retention, and supervision claims in connection with an intentional tort are deemed to arise out of that tort, and are thus precluded." (citing *Wilburn v. United States*, 616 F. App'x. 848, 859 (6th Cir. 2015))).  However, even if an IIED claim is not generally barred by sovereign immunity, Goodwin was not acting within the scope of his employment as discussed above.  *See* 28 U.S.C. § 1346(b)(1) (allowing claims against the United States for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.").

And even assuming DeLarosa's IIED claim is not barred by sovereign immunity, it is still subject to dismissal.  DeLarosa states in her Complaint that Goodwin "engaged in the intentional infliction of emotional distress of Plaintiff through unwanted, non-consensual sexual abuse and harassment . . . ." [Record No. 1]  In Kentucky, IIED is known as the tort of outrage and is considered a "gap-filler."  *Banks v. Fritsch*, 39 S.W.3d 474, 481 (Ky. Ct. App. 2001).  Where the alleged "conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed, and the conduct was not intended only to cause extreme emotional distress in the victim, the tort of outrage will not lie."  *Id.*; *see also Hall v. City of Williamsburg*, 768 F. App'x. 366, 377 (6th Cir. 2019).  Because DeLarosa's allegations are more properly categorized under other traditional torts for which recovery of emotional distress is allowed, her IIED claim is subject to dismissal.

## V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant United States' motion for a partial dismissal [Record No. 14] is **GRANTED**.

2.      Plaintiff DeLarosa's claims for assault and battery, false imprisonment, and intentional infliction of emotional distress are **DISMISSED** with prejudice.

3.      The United States is directed to file its Answer to the remaining claim(s) within **14 days.**

Dated: September 15, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky